UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

US BANK TRUST N.A.,
    *Plaintiff*,

v.

STEPHEN J. MALEC and KEELEY MALEC,
    *Defendants*.

No. 3:21-cv-361 (JAM)

# ORDER TO SHOW CAUSE
## WHY ACTION SHOULD NOT BE REMANDED TO STATE COURT

After more than five years of defending against state court foreclosure proceedings, defendant Keeley Malec has now filed a notice to remove the state court action to this Court. Because it appears that Malec has filed the notice of removal without a valid legal basis and for improper purposes of delay, the Court issues this order to show cause for defendant Keeley Malec to file a response within 7 days by **March 25, 2021** to show why this action should not be forthwith remanded to state court.

### BACKGROUND

This is a state law foreclosure action for property at 21 Beverly Place in Norwalk, Connecticut. The action was first filed in the Housing Division of the Connecticut Superior Court in November 2015 by plaintiff US Bank Trust NA against defendants Stephen and Keeley Malec. *See US Bank Trust N.A. v. Malec, Stephen et al.*, FST-CV15-6026899-S.[1] The state court docket reflects that a judgment of strict foreclosure entered on August 7, 2017 and that multiple delays have ensued over the last several years. On November 16, 2020, a new law day was set

---

[1] I take judicial notice of the filings on the state court docket that are available at https://www.jud.ct.gov/jud2.htm (last accessed March 18, 2021).

1

for March 16, 2021. On that very same day, defendant Keeley Malec filed a *pro se* notice of removal of the state court action to this Court. Doc. #1.

## DISCUSSION

Congress by law allows for a defendant who has been sued in a state court to "remove" the case to federal court if a federal court would otherwise have jurisdiction over the complaint. *See* 28 U.S.C. § 1441. Two of the most common grounds for a federal court's jurisdiction are "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and "diversity" jurisdiction pursuant to 28 U.S.C. § 1332.

Regardless of the grounds that may be asserted for federal jurisdiction, a defendant who seeks to remove a state court action has a limited time to do so. Ordinarily, a defendant must file a notice of removal to federal court within 30 days of its receipt of the initial summons or complaint. *See* 28 U.S.C. § 1446(b)(1). Alternatively, if a defendant cannot ascertain from the face of a state court complaint whether a federal court would have jurisdiction over the case, then a defendant may remove the case at a later time so long as the defendant does so within 30 days of receiving any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (explaining time limits for removal).

The notice of removal in this case was filed in March 2021—more than five years after US Bank first filed its foreclosure action in state court in November 2015. It was filed long after the 30 days that is ordinarily permitted for a defendant to remove a state court action to federal court.

To the extent that the defendants claim that US Bank has violated their federal law rights such that there is federal question jurisdiction under 28 U.S.C. § 1331, the state court complaint alleges a foreclosure claim arising solely under state law. "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal quotations omitted). The Supreme Court has "long held that '[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citations omitted). Under the well-pleaded complaint rule, the fact that a defendant may interpose federal law as a defense to a state law cause of action does *not* give rise to federal-question jurisdiction. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). Accordingly, it appears that any federal law defense that defendants might wish to assert against the foreclosure action would not furnish grounds for federal jurisdiction and removal of this case.

To the extent that the Malecs claim that there is federal diversity jurisdiction under 28 U.S.C. § 1332, the record does not suggest that they first learned of the facts to establish diversity jurisdiction only within the last 30 days before the filing of the notice of removal on March 16, 2021. They do not point to any amended pleading, motion, order, or other paper that they received within the 30-day period that first alerted them of grounds to assert federal diversity jurisdiction. 28 U.S.C. § 1446(b)(3). Moreover, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after

commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

It therefore appears that there are no proper grounds for the Court to exercise federal jurisdiction over this action. In view of the timing of the filing of this notice of removal on the day set by the state court for law day, there is reason to believe that the notice of removal was filed only for purposes of improper delay of the state court foreclosure proceedings.

## CONCLUSION

For the reasons set forth above, it appears that this case should be immediately remanded to the Connecticut Superior Court. In the event, however, that the Court is mistaken, the Court will permit defendant Keeley Malec to file a response to this order to show cause by **March 25, 2021**.

It is so ordered.

Dated at New Haven this 18th day of March 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge